**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

SEAN M. HOLLINS,                                                  No. 2:14-cv-0964-CMK-P

      Plaintiff,

   vs.                                                                              ORDER

J.D. LOZANO, et al.,

      Defendants.

         Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's complaint (Doc. 1).

         The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement

1

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

In his complaint, plaintiff alleges his First, Fifth, Eighth and Fourteenth Amendment rights have been violated. More specifically, he alleges he has been held in secured housing for several years, which itself amounts to cruel and unusual punishment due to the isolation he experiences. In addition, he claims defendants Pina, Niehus, Garcia and Morton refused to allow him a cellmate until he debriefs and acts as an informant. These defendants continue to hold him in secured housing, denying him the right to exercise, and his due process rights by holding him until he debriefs. He further alleges defendants Smith and Gipson[1], as chair of the classification review committee, violated his due process right by failing to do an independent review of his secured housing assignment. Finally, he alleges defendant Lozano and Allen violated his due process rights by failing to provide him a fair and impartial review during the inmate grievance process.

/ / /

/ / /

---

[1] Plaintiff appears to refer to this individual as both Gipson and Gibson. He is cautioned that in serving the defendant it will be required that he has the correct spelling of the defendant's name.

## II.  DISCUSSION

The complaint appears to state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) against defendants Pina, Niehus, Smith, Gipson, Garcia, and Morton.  If the allegations are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.  The court, therefore, finds that service is appropriate and will direct service by the U.S. Marshal without pre-payment of costs.  Plaintiff is informed, however, that this action cannot proceed further until plaintiff complies with this order.  Plaintiff is warned that failure to comply with this order may result in dismissal of the action.  See Local Rule 110.

However, to the extent plaintiff claims Lozano and Allen violated his rights in reviewing his inmate appeal, such an allegation fails to state a cognizable claim.  Prisoners have no stand-alone due process rights related to the administrative grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process).  Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances.   Numerous district courts in this circuit have reached the same conclusion.  See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983).  Prisoners do, however, retain a First Amendment right to petition the government through the prison grievance process.  See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). Therefore, interference with the grievance process may, in certain circumstances, implicate the

First Amendment. There is no indication here that plaintiff's First Amendment rights have been violated in connection with the inmate grievance process.

Accordingly, plaintiff will be required to show cause in writing, within 30 days of the date of this order, why defendants Lozano and Allen should not be dismissed from this action for failure to state a claim.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall show cause in writing, within 30 days of the date of this order, why defendants Lozano and Allen should not be dismissed from this action for failure to state a claim

2. The court authorizes service on the following defendant(s): PINA, NIEHUS, SMITH, GIPSON, GARCIA and MORTON;

3. The Clerk of the Court shall send plaintiff one USM-285 form for each defendant identified above, one summons, an instruction sheet, and a copy of the complaint; and

4. Within 30 days of the date of service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. Six completed USM-285 form(s); and

    d. Seven copies of the endorsed complaint.

DATED: December 28, 2015

                                                                                                            **CRAIG M. KELLISON**
                                                                                                             UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SEAN M. HOLLINS, | No. 2:14-cv-0964-CMK-P |
| Plaintiff, | |
| vs. | |
| J.D. LOZANO, et al., | |
| Defendants. | |
| _____ / | |

NOTICE OF SUBMISSION OF DOCUMENTS

Plaintiff hereby submits the following documents in compliance with the court's order:

    __1__    completed summons form;

    ____    completed USM-285 form(s); and

    ____    copies of the complaint.

DATED: _____          _____

                                                                          Plaintiff